UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARCUS HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-242 JD |
| vs. | ) |
| | ) |
| ST. JOSEPH COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Marcus Henderson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and citations omitted). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Thus, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Henderson is currently incarcerated at the Pact Bradley House in Michigan City, Indiana. Henderson alleges that sometime while incarcerated at the St. Joseph County Jail, he expressed

concern about being housed in a dangerous pod and requested to be moved to a safer location within the jail. However, his request was denied and he was then assaulted by fellow inmates two months later. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). However, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Here, Henderson makes only general assertions that he believed his housing assignment posed a threat to him. He does not state whether he faced any specific threat, if he communicated that threat to anyone, or why his request was denied. He also has not stated when any of these events occurred.

Next, Henderson claims that he was denied access to the South Bend Police Department and his attorney following the assault. He requested the South Bend Police be contacted so that he could make a police report and have pictures taken of his injuries. Nevertheless, Henderson was denied access to the South Bend Police and his attorney until his injuries healed. Despite these allegations, he fails to clearly explain this incident in sufficient detail, too. It is unclear who denied him this access, why he was denied this access, or when he was denied this access. It is also unclear whether this delay resulted in Henderson suffering any harm. While Henderson sues a number of "John Doe" defendants, it is unknown who these individuals are and how they were involved in the violation of his rights. Without these details, it is not possible to discern whether Henderson has stated a plausible claim against any defendant.

Because this complaint is vague, Henderson will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, he needs to sets forth his claims in sufficient detail and address the deficiencies raised in this order.

In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He may attach any documentation he has in his possession or can obtain related to his claims.

As a final matter, Henderson did not pay the filing fee or submit an *in forma pauperis* petition accompanied by his trust fund ledgers for the past six months as required by 28 U.S.C. § 1915(a)(2). His case cannot be screened or otherwise allowed to proceed until he resolves his fee status.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 packet and send it to Marcus Henderson;

(2) **GRANTS** Marcus Henderson to and including July 20, 2015, to resolve his filing fee status and file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: June 22, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court