UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS HENDERSON,            )
                             )
          Plaintiff,         )
                             )  CAUSE NO. 3:15-CV-242 JD
     vs.                     )
                             )
ST. JOSEPH COUNTY JAIL, *et al.*,  )
                             )
          Defendants.        )

OPINION AND ORDER

On June 6, 2015, Marcus Henderson, a *pro se* prisoner, filed a vague complaint under 42 U.S.C. § 1983 against the St. Joseph County Jail, its warden Julie Lawson and six unknown officers for failing to protect him from being assaulted at the jail. (DE 1.) This complaint did not specify when any of the complained events took place and was too vague to state a plausible claim against any defendant. (DE 2.) Henderson was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). (*Id.*) On July 20, 2015, Henderson filed an amended complaint again naming Julie Lawson and the St. Joseph County Jail as defendants and adding Sgt. Schorder, Sgt Fisher, David Holt, Sheriff Michael Grzegorek and Sgt. Johnson. (DE 3.) Henderson has now also specified the dates of when these complained events took place.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual

-1-

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and citations omitted). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Thus, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Marcus Henderson is currently incarcerated at the Pact Bradley House in Michigan City, Indiana. He has brought suit for things that occurred while he was serving a sentence at the St. Joseph County Jail. (DE 3 at 1.) Henderson alleges that on February 15, 2013, he was placed in the St. Joseph County Jail. On that date, he claims that Warden Julie Lawson had him placed in one of the jail's most dangerous pods in retaliation for an ongoing lawsuit he had against her. This claim has a statute of limitations problem. Though the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Henderson filed his complaint against Warden Lawson more than two years after this claim arose, it is barred by the applicable two-year statute of limitations.

Next, Henderson alleges that sometime before June 6, 2013, he informed Warden Lawson, David Holt and Sgt. Schorder about "how the younger inmates were running the pod, disrespecting

older and younger inmates by beating them up, taking their commissary and phones cards, and how I felt unsafe in J-8." (DE 3 at 4.) He requested to be moved to a safer pod and that request was denied. These claims, too, are likely barred by the statute of limitations.[1] Nevertheless, they have substantive problems as well. Correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). And, "the fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high bar:

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger. Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have

---

[1] According to the amended complaint, these events took place sometime before the week of June 6, 2013.(DE 3 at 4.) The original complaint, naming Warden Lawson, was signed on June 4, 2015. (DE 1 at 6.) If these events took place before June 4, 2013, then these claims against Warden Lawson would be barred by the applicable two-year statute of limitations. *Snodderly*, 239 F.3d at 894. And because Henderson did not name David Holt or Sgt. Schorder as defendants until July 20, 2015, the claims based on events that took place prior to June 6, 2015, are clearly untimely as to them. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (not allowing relation back when the original complaint identified "unknown police officers" as defendants).

-3-

> previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. *Id.*
>
> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (footnote omitted).

Henderson has not met this standard. He did not communicate any specific or direct threat to either Warden Lawson, David Holt or Sgt. Schorder. Nor did he provide the identities of any specific inmate who posed a threat to him. This is not surprising, as he does not even allege that any specific or direct threat existed. Instead, he had only a general fear for his safety from younger inmates, which he communicated to the defendants. Unfortunately, this vague description is insufficient to place the defendants on notice of any substantial risk of any serious harm. *Id.* Without specific knowledge of a threat, the defendants cannot be deemed deliberately indifferent to Henderson's safety by refusing to place him in protective custody. *Lewis,* 107 F.3d at 553.

Next, Henderson alleges that during the week of June 6, 2013, he spoke with Sgt. Johnson about being moved from his cell mate. Henderson told Sgt. Johnson that his cell mate was dangerous and that he feared for his safety. Sgt. Johnson did not move Henderson. Two days later, Henderson was beaten up by two inmates, one of them being his cell mate. Henderson's claims against Sgt.

Johnson are also subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims). While Henderson's original complaint was signed and submitted to prison officials within two years of this incident, the amended complaint naming Sgt. Johnson as a defendant was signed and submitted more than two years after it occurred. Thus, the claims against Sgt. Johnson can only be considered timely if the amended complaint relates back to the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). The mistake requirement concerning the proper party's identity is essential for relation back to apply. *Id.* The Seventh Circuit has consistently held that Rule 15(c) does not provide for relation back when the reason the original complaint was insufficient was due to a simple lack of knowledge of the identity of the proper party. *Id.*; *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (not allowing relation back when the original complaint identified "unknown police officers" as defendants).

In the original complaint, Henderson did not make a mistake in naming the unknown officers as defendants, he simply did not know any of the officers' actual identities[2] at the time he filed his

---

[2] Not identifying Sgt. Johnson in the original complaint was not Henderson's only fatal omission. Upon review of the original complaint, it is also clear that Henderson did not include the allegations that he feared being attacked by his cell mate and communicated that fear. (See DE 1.) Thus, not only did he fail to name Sgt. Johnson as a defendant, but he also failed to allege the facts giving rise to this claim. For both of those reasons, the claim is untimely.

original complaint. Therefore, Henderson cannot use relation back under Rule 15(c), as he made no mistake as to the officer's identity. See e.g. *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993)(noting that a plaintiff may not use relation back principles to replace "John Doe" defendants with named defendants after the statute of limitations has expired).

Next, Henderson claims that he was denied access to the South Bend Police Department and his attorney following the assault. He raised these claims in his original complaint, but failed to allege who denied him this access. He has not corrected this deficiency, as his amended complaint does not explain or identify who denied him this access either. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). Because he has not named any defendant in connection with these claims, they will be dismissed.

Next, as a result of the June 2013 altercation between Henderson and the two offenders, Henderson was charged with fighting at the jail. Henderson brings a claim against the disciplinary hearing officer, Sgt. Fisher, for his actions in finding Henderson guilty of that offense. He complains that Sgt. Fisher refused to consider video evidence in the disciplinary hearing. However, the manner in which Sgt. Fisher conducted the prison disciplinary hearing, even if contrary to prison policies, can only be challenged in a habeas action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Accordingly, this claim must be dismissed as well.

Finally, Henderson brings suit against the St. Joseph County Sheriff Michael D. Grzegorek and the St. Joseph County Jail. Even if any of his claims were timely, neither the jail nor Sheriff Grzegorek is a proper defendant here. Though the jail is where these events occurred, the jail is a

building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). In addition, Henderson does not explain why Sheriff Grzegorek should be liable. But, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Sheriff Grzegorek cannot be held liable simply because he oversees operations at the jail or supervises other correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: September 21, 2015

                                                                            /s/ JON E. DEGUILIO
                                                                            Judge
                                                                            United States District Court